# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KRUMMEL,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:17-cv-0260-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I. INTRODUCTION

Plaintiff David Krummel ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## II. BACKGROUND

Plaintiff applied for benefits on March 14, 2013, alleging disability beginning October 31, 2006, due to heart disease, lumbar and cervical degenerative disc disease, obesity and COPD. AR 191. On reconsideration, Plaintiff amended his application to include disabling symptoms from

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Docs. 9,11).

1

depression and anger. AR 231. His application was denied initially and on reconsideration. AR 103-107. On June 23, 2016, a hearing was held before Administrative Law Judge ("ALJ") Sharon L. Madsen. Plaintiff appeared and testified along with his attorney. AR 56-92. The ALJ also heard testimony from an independent vocational expert. AR 53.

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 14, 2013, the application date. AR 25. The ALJ identified: coronary artery disease, status post stenting of the right coronary artery, lumbar degenerative disc disease, cervical degenerative disc disease, obesity, and chronic obstructive pulmonary disease ("COPD") as severe impairments. AR 25. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 27.

Based on her review of the entire record, the ALJ found that Plaintiff had the following residual functional capacity (RFC):

> to lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk 6-8 hours in an 8-hour workday with the ability to sit or stand as necessary. The ALJ found that Plaintiff could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; but could not climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to temperature extremes, dusts, fumes, gases, unprotected heights and dangerous machinery.

AR 27.

Applying this RFC, the ALJ found that Plaintiff could not return to his past relevant work as a truck driver, but determined that based on his age (48 years old), high school education, and RFC, there were jobs existing in significant numbers in the national economy that he could perform. AR 32.

**III. LEGAL STANDARD**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

### 1. Whether the ALJ Properly Weighed the Medical Evidence

In his first two issues, Plaintiff argues that the ALJ erred in analyzing the medical record. (Doc. 20 at 7-14). Specifically, Plaintiff contends the ALJ rejected the opinions of treating physicians, Drs. Nomicos and Bernstein, without providing specific and legitimate reasons, and improperly rejected the psychiatric opinion of examining physician Ekram Michiel, M.D. (Doc. 20 at 6). The Commissioner responds that the ALJ's decision was supported by substantial evidence and free from reversible legal error. (Doc. 22 at 10).

#### A. Legal Standard

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. §§ 404.1527(b), 416.927(b). In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. §§ 404.1527(c), (e), 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285. If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific

and legitimate reasons supported by substantial evidence for rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

### B. Treating Physician Evidence

In July 2014, treating physician Dr. Kenneth Bernstein provided a one-page medical questionnaire. AR 507. Dr. Bernstein noted that Plaintiff had back pain and radiculopathy with greater symptoms on the right side. AR 507. Dr. Bernstein found that Plaintiff could sit, stand, and walk for approximately one hour a day, with no lifting, squatting, or bending. AR 507. He concluded his medical questionnaire with a finding that Plaintiff's impairments equaled Listing 1.04 based on Plaintiff's MRI "showing spinal abnormalities – causing pain." AR 507.

In May 2015, treating physician Dr. Nicholas Nomicos provided a largely identical one-page medical questionnaire. AR 506. Dr. Nomicos noted that he treated Plaintiff for back pain and radiculopathy. AR 506. He observed chronic back tenderness and spasm with radiculopathy, which was worse on the right side. AR 506. Dr. Nomicos found that Plaintiff could sit, stand, and walk for approximately one hour a day, with no lifting, squatting, or bending. AR 506. Additionally, Plaintiff would "sometimes" need to lie down or elevate his legs. AR 507. Dr. Nomicos concluded his medical questionnaire with a finding that based on Plaintiff's "MRI" his impairment meets listing 1.04 for disorders of the spine. AR 506.

The ALJ assigned "little weight" to the matching opinions of Drs. Nomicos and Bernstein as follows:

> Little weight is given to this opinion. The claimant does not meet Listing 1.04. He ambulates with the use of one cane, not two. The claimant testified that he shops and helps with household chores. He does not exhibit the loss of function necessary to meet this listing. Furthermore, the medical evidence does not support the extreme restrictions, which limit the claimant to sitting, walking and standing for only 1 hour in an 8-hour day.

AR 29.

//

//

### i. Listing 1.04 (Disorders of the Spine)

Plaintiff claims that the ALJ erred by rejecting the treating physicians' opinions that he met all the criteria for Listing 1.04A. In doing so, Plaintiff first argues that the ALJ applied the incorrect listing when evaluating the treating physicians' opinion. Plaintiff contends that the ALJ incorrectly evaluated the evidence under Listing 1.04C when his treating physicians opined that he met the criteria for Listing 1.04A. (Doc. 20 at 8). Plaintiff's argument is without merit. The treating physicians opined that Plaintiff meets and/or equals Listing 1.04. The ALJ therefore properly considered the entire Listing, including criteria of both subsections 1.04A (involving neurological functioning) and 1.04C (involving ambulation/gait) which provides the use of "two canes" as an example of an "inability to ambulate." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.00(B)(2)(b). This was not error.

Nevertheless, it was proper for the ALJ to reject the treating physicians' conclusory opinions that Plaintiff's impairments meet Listing 1.04A.

Listing 1.04 provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

In finding that Plaintiff meets Listing 1.04, Drs. Nomicos and Bernstein cited to Plaintiff's MRI. However, as noted by the ALJ, the treating physicians did not identify any clinical findings demonstrating that Plaintiff had the required loss in functioning required to meet this listing. AR 506-07. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original).

While Plaintiff alleges that he meets this Listing, he does not cite to sufficient supporting evidence—as is his burden. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (claimant bears

the burden of proving that she has an impairment that satisfies the criteria of a listed impairment). With respect to Listing 1.04A's requirements of sensory or reflex loss and positive straight leg testing, the record does reflect some positive straight leg raising, reduced reflexes, and abnormal gait. AR 432, 487. Plaintiff was also prescribed a cane. AR 435. However, reviewing the record as a whole, the Court cannot find Plaintiff has met his burden at step three to establish that he meets Listing 1.04A.

The ALJ discussed medical evidence which is contrary to a finding that Plaintiff meets all the requirements of Listing 1.04A. AR 29. For instance, consultative examiner Tahir Hassan, M.D., observed that Plaintiff walked with a normal gait and concluded that Plaintiff did not require an assistive device. AR 363. Dr. Hassan also reported that Plaintiff had good motor tone with normal power, intact sensation, and was negative for the straight leg raising test bilaterally. AR 363. Dr. Hassan noted that Plaintiff had limited spinal flexion (70 degrees as opposed to the normal of 90 degrees), but had normal flexion in his cervical spine, hips, knees, and other joints. AR 363. While Plaintiff had diminished reflexes and sensation upon examination in June 2014, Plaintiff could walk in a normal fashion; could heel, toe, and tandem walk with only mild difficulty, and was negative for the straight leg raising test. AR 488. In March 2015, Plaintiff had no tenderness on palpation in his lower back, and had a normal gait and stance. AR 468.

Moreover, Listing 1.04(A) requires positive tests in both the supine and sitting positions. *See* 20 C.F.R. Part 404, Subpt P., App. 1, Listing 1.04(A). Plaintiff does not identify any evidence in the record demonstrating positive straight leg raising tests in both the supine and seated positions. Although Plaintiff argues that the ALJ's explanation of the treating physicians' opinions was inadequate, Plaintiff was required to support his claim with the requisite objective medical evidence. *See Shaw v. Astrue*, 2013 U.S. Dist. LEXIS 7413, 2013 WL 204742 (E.D. Cal. Jan. 16, 2013) (Plaintiff failed to identify medical evidence demonstrating he meets or equals a listing and therefore failed to carry his burden).

Consequently, the ALJ did not err in finding that Plaintiff did not meet the requirements of the Listing 1.04A. Given the record evidence and Plaintiff's failure to carry his burden to

demonstrate that he meets all of the requirements of Listing 1.04(A), it was not error for the ALJ to discount the opinions of Plaintiff's treating physicians finding that Plaintiff meets the listing.

### ii. Inconsistency with Daily Activities

Plaintiff also takes issue with the ALJ's reliance on his activities of daily living as grounds for not giving full weight to Drs. Nomicos's and Bernstein's opinions. At the outset, the Court notes that the ALJ's comments regarding Plaintiff's daily activities are more accurately read as additional reasons to discount the treating physicians' conclusions that Plaintiff's impairments meet or equal Listing 1.04A. The ALJ stated that Plaintiff "testified that he shops and helps with household chores. He does not exhibit the loss of function necessary to meet this listing." AR 29. This was an appropriate consideration.

The ALJ also reasonably found that the assertions that Plaintiff cannot walk, stand or sit for more than an hour a day were undermined by his activities of daily living that included shopping, driving, and housework. Even if these activities do not rise to the level of transferable work skills, as Plaintiff asserts, (see Doc. 20 at 11-12), they are inconsistent with allegations of completely debilitating impairment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

Ultimately, the ALJ articulated specific and legitimate reasons for rejecting the opinions of Drs. Nomicos and Bernstein. The ALJ's conclusion that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairment assessed by the treating physicians is adequately supported by her discussion of the evidence in the record. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990). Moreover, Plaintiff failed to provide sufficient contrary evidence supporting his theory that his impairments do indeed meet or equal a Listing, particularly that he demonstrates the requisite loss of function for the statutory period. Therefore, the Court will not reverse or remand the ALJ's decision for failure to credit the treating physicians' opinions.

### C. Examining Psychologist

Plaintiff next argues that the ALJ erred in rejecting the consultative psychiatric opinion of Dr. Ekram Michiel "purely on the basis that claimant had not received mental health treatment." (Doc. 20 at 13). The Court disagrees.

On May 10, 2013, Ekram Michiel, M.D. conducted a consultative psychiatric evaluation. AR 353. Dr. Michiel diagnosed Plaintiff with an adjustment disorder with a depressed mood and rated him with a Global Assessment of Functioning of 55, which indicates moderate symptoms or moderate difficulty in functioning. AR 26, 353. Dr. Michiel opined that Plaintiff could maintain attention and concentration to carry out simple instructions, relate and interact with coworkers, supervisors and the general public, but was unable to carry out an extensive variety of technical and/or complex instructions. AR 352.

State agency psychological consultant E. Smith, M.D., reviewed the record and stated that Plaintiff's mental impairments were non-severe. AR 95. Among other evidence, Dr. Smith noted that Plaintiff was not currently in treatment and did not appear to have received any treatment, was mostly independent in activities of daily living, and treatment notes in March 2013 showed a negative screen for depression. AR 95.

Based on the record, the ALJ found that Plaintiff's mental impairments are non-severe. AR 25. Accordingly, the ALJ did not include any mental limitations in Plaintiff's RFC assessment. The ALJ however stated that Plaintiff could perform "unskilled work" as an electronics worker. AR 33.

Plaintiff argues that the ALJ erred in discounting the consultative examiner's opinion solely for his lack of mental health treatment. However, Plaintiff's assertion is incorrect. The ALJ summarized Dr. Michiel's opinion and found that it was unsupported by the evidence in the record. The ALJ noted the GAF score assessed by Dr. Michiel, but ultimately found that the GAF score assessment reflected a one-time event that did not address Plaintiff's functioning on an ongoing basis. The ALJ instead relied on the longitudinal history in the record that demonstrated a complete lack of a psychiatric record in this case. The ALJ's conclusion in this regard is supported by the totality of the evidence. Plaintiff cannot dispute that his disability allegations are primarily orthopedic. Plaintiff did not allege a mental impairment until after he was denied benefits at the initial level. AR 233. Further, on March 15, 2013, when visiting with Family Nurse Practitioner, Priya Kaur, FNP, Plaintiff denied having any depressive symptoms. AR 338. This demonstrates the lack of substantial evidence to support Dr. Michiel's opinion. The ALJ's decision to discount Dr. Michiel's opinion for this reason was therefore specific and legitimate.

The ALJ's rationale for rejecting Dr. Michiel's opinion is further supported by the ALJ's step two finding that Plaintiff has no limitations in activities of daily living or social functioning and only mild limitations in maintaining concentration, persistence and pace. AR 26. Because the ALJ found that Plaintiff's mental impairments were non-severe and did not cause any significant impairments, the ALJ was not required to include them in Plaintiff's RFC. *Ball v. Colvin*, 2015 U.S. Dist. LEXIS 64152, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC."); *see also Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining that the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation."). These findings are specific, legitimate reasons for discounting Dr. Michiel's opinion of Plaintiff's mental health limitations.

Moreover, even if the Court were to decide that the ALJ incorrectly discounted Dr. Michiel's opinion, the ALJ's error would be harmless. An ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("[T]he relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error . . . it is whether the ALJ's decision remains legally valid, despite such error"); *Burch*, 400 F.3d at 679 ("A decision of the ALJ will not be reversed for errors that are harmless").

Dr. Michiel opined that Plaintiff "is able to maintain attention and concentration to carry out simple job instructions." AR 353. Plaintiff is, however, "unable to carry out an extensive variety of technical and/or complex instructions." AR 353. These findings would not alter the ALJ's conclusion that Plaintiff is capable of performing a significant number of unskilled jobs and thus he is not disabled. *See Tommasetti,* 533 F.3d at 1038 (the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination'").

The ALJ found that Plaintiff could perform a significant number of jobs, including the unskilled job of electronics worker. AR 33. Unskilled work is defined as work that needs little or no judgment to do "simple duties" that can be learned in a short period of time. *See* 20 CFR § 416.968(a). The ALJ's finding that Plaintiff could perform the electronics worker position is consistent with Dr. Michiel's opinion that Plaintiff could maintain attention and concentration to carry out simple instructions, relate and interact with coworkers, supervisors and the general public, but was unable to carry out an extensive variety of technical and/or complex instructions. AR 352. The electronic workers position existed in significant numbers in the national economy. AR 33. Therefore, any error in the ALJ's evaluation of Dr. Michiel's opinion is harmless. *See Molina*, 674 F.3d at 1111 ("we may not reverse an ALJ's decision on account of an error that is harmless").

**2. Whether the ALJ Properly Evaluated Plaintiff's Credibility**

In his last issue, Plaintiff argues that the ALJ erred by impermissibly dismissing his subjective pain testimony. Specifically, Plaintiff contends that the ALJ failed to consider his history of incarceration as an explanation for his poor work history. For that reason, Plaintiff argues that the ALJ's credibility determination is not supported by clear and convincing reasons. (Doc. 20 at 15-17).

To evaluate the credibility of a claimant's testimony regarding subjective complaints of pain and other symptoms, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* The claimant is not required to show that the impairment "could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Id.* (emphasis added). If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of the symptoms for "specific, clear and convincing reasons" that are supported by substantial evidence. *Id.*

An ALJ can consider a variety of factors in assessing a claimant's credibility, including:

(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other

10

testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal quotation marks omitted).

Other factors can include a claimant's work record and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997). An ALJ can only rely on an inconsistency between a claimant's testimony and the objective medical evidence to reject that testimony where the ALJ specifies which "complaints are contradicted by what clinical observations." *Regennitter v. Commissioner of SSA*, 166 F.3d 1294, 1297 (9th Cir. 1999). An ALJ properly discounts credibility if she makes specific credibility findings that are properly supported by the record and sufficiently specific to ensure a reviewing court that she did not "arbitrarily discredit" the testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).

In her decision, the ALJ rejected plaintiff's credibility, explaining that

The claimant testified that he is able to drive, shop, and help his wife around the house. He said he experiences constant back pain, and has to use a cane. The claimant indicated that, other than having assistance with his shoes and socks, he is able to take care of his personal needs. He testifies he can sit and stand for 15 minutes to an hour, and walk one block.

The claimant's incarceration for criminal activity undermines his credibility. Further undermining his credibility, his poor work record suggests his current unemployment may not be due to an impairment.

AR 31-32.

The Court concludes that these were clear and convincing reasons to reject Plaintiff's subjective symptom testimony.

First, the ALJ reasonably found that Plaintiff's poor work history suggested that his current unemployment might not be due to any impairment. AR 32. The ALJ may consider whether claimant's absence from the workplace is consistent with his claim of disability. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (holding that the ALJ permissibly relied on the claimant's "limited work history," along with other factors, to discredit her subjective testimony). Plaintiff reported that he stopped working in 2006 due to

11

incarceration. AR 191. The ALJ could therefore consider that Plaintiff's unemployment was not due to the limiting effects of his allegedly disabling impairments.

Second, even considering that Plaintiff had been arrested "many times for spousal domestic abuse battery" and that he last "spent a year in prison and was released on March 16, 2013," this does not fully account for his long history of unemployment. AR 177- 78, 351. *See Taylor v. Colvin*, 618 Fed.Appx. 342, 2015 WL 5834030, *1 (9th Cir. 2015) (unpublished) ("the ALJ also reasonably took into account [claimant's] poor work history"), *citing Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff's earnings records demonstrate that although he earned $11,794.51 in 1993, he had no earnings in 1996, 1997, 1998, 1999, 2000, 2002, 2005, 2007-2011; and he earned less than $4,000 in the years 1994, 1995, 2001, and 2004. The ALJ's determination that Plaintiff had a poor work history is therefore supported by substantial evidence in the record. This is a valid clear and convincing reason for an adverse credibility finding. *See Matthews v. Berryhill,* 2017 U.S. Dist. LEXIS 124411, 2017 WL 3383118, at *12 (E.D. Cal. Aug. 7, 2017) (citing 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling 96-7p, 1996 SSR LEXIS 4) ("Evidence of a poor work history is a clear and convincing reason to discredit [a] plaintiff's credibility.")

Nonetheless, the ALJ could permissibly infer that Plaintiff's general lack of motivation to work was fostered by his incarceration. *See Ancira v. Colvin*, 2015 U.S. Dist. LEXIS 155490, 2015 WL 7272682, at *2 (C.D. Cal. Nov. 17, 2015) (finding the ALJ permissibly inferred that Plaintiff possessed a general lack of motivation to work which was fostered by his twenty years in incarceration); *Bingham v. Astrue*, 2011 U.S. Dist. LEXIS 46034, 2011 WL 1599581, at *6 (C.D. Cal. Apr. 27, 2011) (explaining that plaintiff's general lack of motivation to work could be inferred from his history of incarceration, failure to look for work, and his ability to work while incarcerated when required to do so).

Plaintiff's challenge to the ALJ's credibility finding does not warrant reversal.

**V.    CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

The Clerk of this Court is **DIRECTED** to enter judgment in favor of the Commissioner of Social Security, and against Plaintiff David Krummel.

IT IS SO ORDERED.

Dated: __**August 31, 2018**__       ____/s/ *Barbara A. McAuliffe*____
                                         UNITED STATES MAGISTRATE JUDGE